UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHANKAR NARAINE,

                        Plaintiff,              **REPORT & RECOMMENDATION**

      v.

WASHDRY TECH INC., OMRAJ RAM DOODNAUTH,          23-CV-7162
        (Merle, J.)
        (Marutollo, M.J.)

                        Defendants.
------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On September 26, 2023, Plaintiff Shankar Naraine commenced this action against Defendants Washdry Tech Inc. ("Washdry") and its owner, Omraj Ram Doodnauth ("Doodnauth") (together, "Defendants"), alleging wage and hour claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Doodnauth, appearing *pro se*, filed an answer on October 18, 2023. Dkt. No. 6. On June 10, 2024, the Clerk of Court entered default against Washdry for its failure to respond to the complaint. Dkt. No. 21.

The parties reached a settlement in this matter, and on July 10, 2024, Plaintiff filed a motion requesting that the Court approve the parties' settlement agreement ("Settlement Agreement") as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* Dkt. No. 25. The Court held a fairness hearing on August 6, 2024. Dkt. No. 32.

For the reasons set forth below, this Court respectfully recommends that the Settlement Agreement be approved as fair and reasonable.

**I.**      **Relevant Background**

Plaintiff alleges that he was employed by Defendants as a manual worker within the meaning of NYLL § 191 from approximately June 2020 through August 27, 2023. Dkt. No. 1 ¶¶

15-16, 22. Plaintiff alleges that he regularly worked more than forty hours a week and was paid $25.00 per hour for all hours worked. *Id.* ¶¶ 16-19. Plaintiff also alleges that Defendants made unlawful wage deductions in the amount of $2,500.00, in violation of the FLSA and NYLL. *Id.* ¶ 21. Plaintiff further alleges that Defendants did not provide him with wage notices or wage statements, in violation of NYLL § 195. *Id.* ¶¶ 23-24.

On September 26, 2023, Plaintiff filed a complaint against Defendants, in which he raises the following claims: (1) failure to pay overtime compensation under the FLSA and NYLL; (2) unlawful wage deductions under the FLSA and NYLL; and (3) failure to provide proper wage notices and wage statements in accordance with the NYLL. *See* Dkt. No. 1 ¶¶ 36-56.

On October 18, 2023, Doodnauth filed an answer to the complaint. Dkt. No. 6. Doodnauth also submitted a letter to the Court describing the financial difficulties that he and Washdry were facing; Doodnauth also requested dismissal of the case. *Id.* at 2. On November 2, 2023, the Court referred the parties to mediation. Dkt. No. 8.

On December 14, 2023, the Court held a status conference with the parties. Dec. 14, 2023 Minute Entry. The Court explained to Doodnauth that while he could appear *pro se* in this case, Washdry could not. Doodnauth requested *pro bono* counsel to represent Washdry at mediation and for the remainer of the case pursuant to 28 U.S.C. § 1915(e)(1). *Id.* The Court granted Doodnauth's request but reminded him that "the Court cannot require an attorney to take a civil case under this statute. Rather, the Court may only request an attorney to volunteer to provide pro bono representation to defendant." *Id.* (quoting *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989) (Court may only request, not appoint, pro bono counsel)). The Court ordered the parties to complete mediation by February 9, 2024 and extended the deadline for Washdry to respond to the complaint to February 29, 2024. *Id.*

2

On January 28, 2024, *pro bono* counsel appeared in the case on behalf of Defendants for the limited purpose of representation at mediation.  *See* Dkt. No. 14.  The parties appeared at two mediation sessions before former Magistrate Judge Viktor Pohorelsky but were ultimately unable to reach a resolution.  *See* Apr. 26, 2024 Dkt. Entry; May 24, 2024 Dkt. Entry.

On May 18, 2024, Doodnauth filed a letter-motion to dismiss the case.  *See* Dkt. No. 18.

After Washdry failed to timely respond to the complaint, Plaintiff requested a certificate of default, which the Clerk of Court granted on June 10, 2024.  *See* Dkt. Nos. 20-21.

On June 20, 2024, the parties appeared for a status conference and discussed a potential resolution of the case.  June 20, 2024 Minute Entry.  At the same conference, Doodnauth agreed to voluntarily withdrew his letter-motion to dismiss without prejudice.  *See id.*

On June 26, 2024, the parties reported that they had reached a settlement in principle.  Dkt. No. 23.

On July 10, 2024, Plaintiff filed a motion for approval of the Settlement Agreement.  Dkt. No. 25.  The parties propose to settle the case for a total of $15,000.00 paid in seven installments.  Dkt. No. 25-1, at 1.  Of that amount, Plaintiff will receive $9,528.00, and his attorneys, Abdul Hassan Law Group, PLLC, will receive $5,472.00, which consists of $4,763.00 in attorneys' fees and $709.00 in costs.  *Id.*; *see also* Dkt. No. 25, at 2.  The Court held a fairness hearing on Plaintiff's motion on August 6, 2024.  Dkt. No. 32.

## II.    **Legal Standard**

In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020).

3

In deciding whether to approve an FLSA settlement, "[a] reviewing court must ensure that the proposed agreement between the plaintiff and the defendant reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Yunganaula v. D.P. Grp. Gen. Contractors/Devs. Inc.*, No. 21-CV-2015 (CBA) (MMH), 2023 WL 2707024, at *2 (E.D.N.Y. Mar. 30, 2023) (quoting *Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 445 (E.D.N.Y. 2022)); *see also Intal v. Erie Agustin, M.D. Primary Care, P.C.*, No. 18-CV-03196 (SJ) (JRC), 2022 WL 892084, at *2 (E.D.N.Y. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 889041 (E.D.N.Y. Mar. 25, 2022) ("In considering whether to approve an FLSA settlement, courts consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." (quotations and citation omitted)).

Courts generally consider the following non-exclusive list of factors to determine whether a settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); *see also Jun Cui v. O2 Korean BBQ*, No. 19-CV-2794 (DLI) (SJB), 2020 WL 7034369, at *4 (E.D.N.Y. Feb. 11, 2020).

Conversely, the following factors can weigh against approving a settlement:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of

4

> the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Li*, 596 F. Supp. 3d at 445 (citations omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600. In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*; *see also Wolinsky*, 900 F. Supp. 2d at 336 (explaining that to enable the Court to evaluate the reasonableness of the proposed fees, counsel must submit evidence supporting their requested fees including, for example, billing records).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

### III. Discussion

#### A. Defendants' *Pro Se* Status

As an initial matter, this Court respectfully recommends that the *Cheeks* motion and the settlement be allowed to proceed as discussed below without the need for counsel to appear on behalf of Washdry. *See Vasquez v. Sylhet Motors Inc.*, No. 21-CV-959 (DG) (VMS), 2024 WL 1051114, at *1 (E.D.N.Y. Jan. 16, 2024) (recommending that FLSA settlement be approved notwithstanding corporate defendant not being represented by counsel); *Jun Cui*, 2020 WL 7034369, at *2 (E.D.N.Y. Feb. 11, 2020) ("The Court does not believe that the absence of an appearance by the corporate entity at any point, including at the *Cheeks* hearing, precludes approval of the Settlement Agreement."); *Burgos v. San Miguel Transp., Inc.*, No. 16-CV-5929 (PAE), 2016 WL 7015760, at *1 n.1 (S.D.N.Y. Dec. 1, 2016) (noting that, while, "[g]enerally, a corporation must be represented by counsel and may not proceed *pro se*[,] . . . for limited purposes,

5

an exception may apply permitting an agent of a corporation to represent a corporation when the agent is a party to the action" and holding the exception applicable "for the limited purpose of settling this action." (citations omitted)).

"[A] corporate entity is not usually permitted to participate in litigation *pro se*, but rather, must be represented by counsel." *Vasquez*, 2024 WL 1051114, at *1; *see La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("[C]orporations cannot proceed in federal court *pro se*." (citation omitted)). As discussed above, Doodnauth has appeared in this case *pro se*, and the corporate defendant, Washdry, is not represented by counsel and is in default. *See* Dkt. No. 21. Doodnauth has represented that he is the owner of Washdry and has authority to act on behalf of the business, but that Washdry cannot afford counsel. *See* Dkt. No. 6, at 2. While *pro bono* counsel previously appeared in this case on behalf of both Defendants, counsel's representation was limited to representing Defendants at mediation. Dkt. No. 14.

At this juncture, the parties are attempting to resolve the action by mutual agreement among all parties. Washdry is not attempting to participate in litigation via discovery, motion practice, or trial, "so the expertise of counsel is not necessary as to the actions to be taken before the Court." *Vasquez*, 2024 WL 1051114, at *1. "Being able to appear in Court and having authority to settle are two separate things." *Jun Cui,* 2020 WL 7034369, at *2. Doodnauth, the individual defendant, "can bind the corporate defendant to a settlement as its owner, principal, and/or agent." *Id.* ("This is possible even though [the *pro se* co-defendant] cannot appear on behalf of the corporation to represent the corporation on a *pro se* basis.

Accordingly, this Court respectfully recommends that Washdry's failure to appear here does not preclude *Cheeks* approval. Significantly, "[w]ere the Court to require counsel to appear, the funds available for payment of the proposed settlement would likely be drained by payment to

6

[Washdry's] counsel, and Plaintiff would receive no or a reduced settlement amount." *Vasquez*, 2024 WL 1051114, at *1; *see also Jun Cui*, 2020 WL 7034369, at *3 ("Not approving this settlement as to the corporate entity, and forcing Plaintiff to litigate, would only impose costs on the Plaintiff and his counsel, with little to no benefit in return."). "Such a result would undermine the purpose of the FLSA and *Cheeks*, which is to protect the workers' rights and interests"—particularly where, as here, this Court finds that the Settlement Agreement is fair, reasonable, and the product of arms-length negotiation. *Vasquez*, 2024 WL 1051114, at *1. Indeed, the *Cheeks* fairness review "is intended to protect the *plaintiff-employee's* FLSA rights, not the defendant-employer's." *Jun Cui*, 2020 WL 7034369, at *2 (emphasis added).

### B. Settlement Terms

This Court finds the terms of the Settlement Agreement fair and reasonable. The Settlement Agreement "does not include the typical provisions that preclude approval, including (1) overbroad releases; (2) highly restrictive confidentiality provisions; (3) non-disparagement provisions that bar truthful statements; and (4) prohibitions on future employment." *Li*, 596 F. Supp. 3d at 450. Indeed, the release in the Settlement Agreement is appropriately limited to the wage-and-hour claims asserted in the complaint, and there is no confidentiality provision, non-disparagement clause, or a prohibition on future employment. *See* Dkt. No. 25-1; *see also* Dkt. No. 32, at 5.

The Settlement Agreement states that Defendants will make a partial payment towards the settlement amount within 5 days of the Court's approval of the Settlement Agreement, and the remaining settlement amount will be paid in in 6 installments due at 30-day intervals following the date of the first payment. *See* Dkt. No. 25-1, at 1; *see* Dkt. No. 32, at 7-8. This payment plan is fair and reasonable. *See, e.g.*, *Intal*, 2022 WL 892084, at *2 (approving, in an FLSA case, a

7

proposal "to settle the case for a total of $50,000.00 paid in equal installments over 18 months"); *Grijalba v. Metro Rite Laundromat, Inc.*, No. 20-CV-3398 (LB), 2021 WL 8316291, at *2 (E.D.N.Y. Oct. 7, 2021) (approving an FLSA settlement whereby the defendants paid a lump sum upon court approval and "the remainder of the settlement in $1,000 monthly installments for the following twenty months."); *Perechu v. Flaum Appetizing Corp.*, No. 18-CV-1085 (SJB), 2021 WL 9564384, at *3 (E.D.N.Y. Dec. 17, 2021) (approving a settlement in an FLSA case whereby payment was to be made in two equal installments: "the first being thirty (30) days after the Effective Date and the second being no later than six (6) months after the date the first installment is made or October 1, 2022, whichever date is earlier.").

Accordingly, upon review of the Settlement Agreement as a whole, this Court finds the settlement terms fair and reasonable.

### C. Settlement Amount

The parties propose a total settlement amount of $15,000.00. *See* Dkt. No. 25, at 2; Dkt. No. 25-1, at 1. As explained above, of that amount, Plaintiff will receive $9,528.00, and his attorneys, Abdul Hassan Law Group, PLLC, will receive $5,472.00, which consists of $4,763.00 in attorneys' fees and $709.00 in costs. *Id.*; *see also* Dkt. No. 25, at 2.

The settlement amount is approximately 16% of Plaintiff's total possible recovery, which is within the acceptable range for this circuit. *See Li*, 596 F. Supp. 3d at 448 (approving settlement amount of 13.8% of alleged damages and collecting cases approving amounts ranging from 12.5% to 19% of the alleged maximum recovery); *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where the plaintiff's recovery was "approximately 18% of Plaintiff's total alleged damages and approximately 39% of

8

his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range.").

In reaching this settlement, Plaintiff recognizes that several issues could adversely impact his recovery. First, the parties disagree as to the hours worked by Plaintiff and his period of employment. Dkt. No. 25, at 3. Plaintiff recognizes that if this case were to proceed to trial, a jury would have to resolve these issues, which creates a level of uncertainty. *Id.* Second, Doodnauth has repeatedly pleaded severe financial difficulties and has represented numerous times that he and Washdry are unable to pay for an attorney. *Id.* As such, the risk of collecting any judgment in this case appears to be higher than usual. *Id.* Given Defendants' apparent financial situation and Plaintiff's expressed concerns about collectability, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

Additionally, the settlement avoids the incurrence of additional expenses. Dkt. No. 25, at 3; *see also* Dkt. No. 32, at 4-7. Plaintiff recognizes that "[c]ontinued litigation of the case will consume additional significant time and money on both sides. The need for Plaintiff to receive payment in an expeditious manner and for the parties to resolve their differences is also great." Dkt. No. 25, at 3. Accordingly, this settlement amount is reasonable in light of anticipated expenses to be incurred by the parties. *See Santos*, 2021 WL 431451, at *1 (noting that a factor weighing in favor of a finding of reasonableness is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.")

The Court also recognizes that the Settlement Agreement was the product of arm's-length negotiations. *See* Dkt. No. 57, at 4. "Typically, courts regard the adversarial nature of a litigated

9

FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, No. 11-CV-465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) (quoting *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)). Here, there is no question that the parties' negotiations were contentious, as evidenced by the unsuccessful mediation, which consisted of two hearings before former Magistrate Judge Viktor Pohorelsky from the Court's mediation panel. Dkt. No. 25, at 2; *see also* Apr. 26, 2024 Dkt. Entry; May 24, 2024 Dkt. Entry. This Court therefore has no doubt that "the proposed settlement reflects a reasonable compromise over contested issues." *Meigel*, 2012 WL 70324, at *1 (quotations and citation omitted).

Finally, there is nothing to suggest that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. Although the FLSA places "strict limits on an employee's ability to waive claims for fear that employers would otherwise coerce employees into settlement and waiver," *Wolinsky*, 900 F. Supp. 2d at 335 (cleaned up), these concerns are not as relevant because Plaintiff no longer works for Defendants, *see, e.g., Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (noting that plaintiffs are "no longer employees of the defendants," which "reduc[es] the danger that the release was obtained through improper job-related pressure").

Given the disputed factual issues, the stage of the proceedings where the parties have conducted discovery, the risks inherent in litigation, and Defendants' financial woes, this Court finds that Plaintiff's recovery under the settlement is fair and reasonable, and is within the possible range of recovery.

**D.     Attorneys' Fees and Costs**

According to the proposed Settlement Agreement, $4,763.00 will go to Plaintiff's counsel to cover attorneys' fees and $709.00 will cover costs. Dkt. No. 25, at 2; *see also* Dkt. No. 25-1. The costs requested include filing fees and fees for effectuating service on Defendants. *See* Dkt. No. 25-4. "Courts often award costs that are 'incidental and necessary to plaintiff's representation.'" *Morales v. City Scrap Metal, Inc.*, No. 19-CV-6682 (CLP), 2022 WL 20539979, at *5 (E.D.N.Y. Nov. 16, 2022) (cleaned up).

Plaintiff's attorneys' fees reflect one-third of the net settlement amount, and Plaintiff agreed to compensate counsel in the amount of one-third of the net settlement amount. *See* Dkt. No. 25, at 4; *see also* Dkt. No. 25-2. As Plaintiff notes, a one-third contingency fee is a commonly accepted fee in this circuit. Dkt. No. 25, at 4 (collecting cases); *see also Shamsundar v. FCS Grp. LLC*, No. 18-CV-2514 (KAM) (LB), 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019) ("Courts in this district generally find 33% of the overall settlement, mirroring the one-third contingency fee arrangement to be reasonable").

Still, "[c]ourts must assess the reasonableness of plaintiff's attorneys' fees, regardless of whether the fee has been negotiated as part of the settlement amount." *Morales*, 2022 WL 20539979, at *5 (cleaned up). Courts consider the following six factors when assessing the reasonableness of attorneys' fees in FLSA settlements: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation[]; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

In calculating attorneys' fees, courts have used one of two methods: the "lodestar" method and the "percentage-of-recovery" method. *See Allen v. Taylor*, 795 Fed. App'x 79, 80 (2d Cir.

11

2020).  When using the "lodestar" method, courts multiply the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate.  *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 551-52 (2010); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008).  "While there is a strong presumption that this amount represents a reasonable fee, it may be adjusted upward or downward based on other considerations." *Cowan v. Ernest Codelia, P.C.*, No. 98-CV-5548 (JGK), 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), *aff'd sub nom. Cowan v. Codelia*, 50 F. App'x 36 (2d Cir. 2002) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).  Indeed, "courts in this Circuit have applied a multiplier to the lodestar calculation."  *Morales*, 2022 WL 20539979, at *5 (collecting cases).

Instead of using the lodestar method, courts may also employ the "percentage of the fund" method.  *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417–18 (2d Cir. 2010) (collecting cases).  With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable.  *See Romero*, 2016 WL 1369389, at *2 (collecting cases).  "However, a one-third percentage may be 'simply too great' in relation to the work performed." *Morales*, 2022 WL 20539979, at *5 (quoting *Larrea v. FPC Coffees Realty Co.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017)).  "In FLSA cases, regardless of the method used, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined."  *Id.* (quotations and citation omitted).

Here, Plaintiff retained Abdul Hassan Law Group, PLLC in connection with this action. Dkt. No. 25-2.  Mr. Hassan has been practicing law since 2001 and primarily focuses on wage-

12

and-hour cases. Dkt. No. 25, at 4. Mr. Hassan submitted detailed time records, which include appropriate entries regarding the nature of each task and the time spent on its completion. Dkt. No. 25-3. According to these records, Mr. Hassan expended 27.44 hours on Plaintiff's representation and bills at a fee-shifting rate of $500 per hour. *Id.* at 4.

This Court finds the hours billed reasonable in light of the procedural posture of this case. This Court also finds Mr. Hassan's hourly rate reasonable and notes that this rate has been accepted by other courts in this circuit. *See, e.g.*, *Bevel v. Mennella's Poultry Co.*, No. 23-CV-678 (JLR) (SLC), 2024 WL 1349010, at *4 (S.D.N.Y. Mar. 1, 2024) ("The Court agrees with the conclusion of several district courts within the Second Circuit that Hassan's hourly rate of $500 is reasonable"), *report and recommendation adopted*, 2024 WL 1346537 (S.D.N.Y. Mar. 29, 2024); *Myers v. Life Alert Emergency Response, Inc.*, No. 23-CV-03609 (ER), 2024 WL 422057, at *2 (S.D.N.Y. Jan. 5, 2024) ("The Court finds that Hassan's $500 per hour rate is reasonable."); *Gumaneh v. Vilano Emp. Servs., Inc.*, No. 22-CV-774 (LTS) (KHP), 2023 WL 5715613, at *8 (S.D.N.Y. Sept. 5, 2023) (approving Mr. Hassan's $500/hour rate); *Shaw v. ProCore, LLC*, No. 21-CV-3883 (AT), 2023 WL 5048236, at *3 (S.D.N.Y. July 3, 2023) (approving $500 hourly rate for Mr. Hassan and noting that "[o]ther courts have found similar rates to be reasonable"); *see also Almond v. PJ Far Rockaway, Inc.*, No. 15-CV-06792 (FB) (JO), 2018 WL 922184, at *2 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan $450/hour).

The other *Goldberger* factors also weigh in favor of finding the award fair and reasonable—the risks of litigation are high, "FLSA claims typically involve complex mixed questions of fact and law," *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions that protect the wages of workers is served here, *see Beckman v. KeyBank, N.A.*, 293 F.R.D. 467,

13

481 (S.D.N.Y. 2013). Thus, as Plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, and upon review of the parties' submissions and in consideration of the *Goldberger* factors set forth above, the Court finds the $4,763.00 attorneys' fees award amount to be fair and reasonable.

Accordingly, this Court respectfully recommends that Plaintiff's request for $4,763.00 in attorneys' fees and $709.00 in costs be granted.

### IV.    Conclusion

Accordingly, for the reasons set forth above, this Court respectfully recommends that the Settlement Agreement be approved as a fair and reasonable compromise of Plaintiff's claims.

A copy of this Report and Recommendation is being electronically served on counsel. Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Merle. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    Brooklyn, New York
          August 15, 2024                                    **SO ORDERED.**

                                                              */s/ Joseph A. Marutollo*
                                                             JOSEPH A. MARUTOLLO
                                                             United States Magistrate Judge

14